ARROWOOD, Judge.
Respondent-mother appeals from the trial court's 25 September 2017 review order and its 8 March 2018 amended permanency planning order. For the following reasons, we dismiss respondent-mother's appeal.
I. Background
On 27 February 2017, the Duplin County Department of Social Services ("DSS") obtained non-secure custody of three-day-old A.B. ("Asia")[1] and filed a petition alleging she was a neglected juvenile. The petition specifically alleged the following: Respondent-mother was admitted to the hospital for suicidal ideation and, upon her admission, it was discovered that she was pregnant. Asia and respondent-mother both tested positive for cocaine at the time of Asia's birth on 24 February 2017. Hospital personnel determined respondent-mother lacked the capacity to make medical decisions for herself, and she remained in the hospital due to concerns regarding her mental stability. The petition further alleged that respondent-mother's two other children had been removed from her custody in 2011 due to her mental instability and cocaine usage. DSS later filed an amended juvenile petition naming Asia's putative father as a respondent. Respondent-father is not a party to this appeal.
In the following months, the trial court entered several orders continuing non-secure custody with DSS. In its 25 April 2017 non-secure custody order, the trial court appointed a guardian ad litem for respondent-mother pursuant to Rule 17 of the North Carolina Rules of Civil Procedure.
Following a hearing on the petition, the trial court entered an order on 26 July 2017 adjudicating Asia to be a neglected juvenile and continuing legal and physical custody with DSS. The trial court ordered respondent-mother to obtain and maintain safe and stable housing, complete mental health and substance abuse assessments and follow all recommendations, take all of her medication as prescribed and comply with medication management, submit to random drug screenings within four hours of a request by DSS, and keep DSS updated with her most current contact information and address. Respondent-mother was allowed one weekly, one-hour supervised visitation with Asia.
On 25 September 2017, pursuant to a hearing held on 6 September 2017, the trial court entered a review order ceasing reunification efforts with respondent-mother and continuing legal and physical custody with DSS. The trial court found respondent-mother had failed to comply with its prior dispositional order. Specifically, the trial court found respondent-mother was unemployed and had failed to obtain and maintain stable housing, complete a substance abuse or a mental health assessment, disclose her current residential address to DSS, or attend any visits with Asia. The trial court further found respondent-mother had been diagnosed as having schizophrenia, depression, and bipolar disorder, but she admitted that she was not taking her medication as prescribed. Accordingly, the trial court concluded "[t]hat reunification efforts have not been successful and are inconsistent with [Asia's] health and safety ...."
On 8 March 2018, the trial court entered an amended permanency planning order[2] that continued custody with DSS and placed Asia with her maternal aunt. After finding that DNA testing confirmed Asia's putative father to be her biological father, the trial court set concurrent permanent plans of custody with a court-approved caretaker and reunification with respondent-father. Respondent-mother filed notice of appeal from the 8 March 2018 permanency planning order on 4 April 2018, and she filed notice of appeal from the 25 September 2017 review order on 25 April 2018. DSS had not filed a motion or petition to terminate respondent-mother's parental rights at the time she gave her notices of appeal to this Court.
II. Discussion
We first address respondent-mother's appeal of the 25 September 2017 order ceasing reunification efforts. DSS filed a motion to dismiss respondent-mother's appeal of the order, arguing that the notice of appeal was untimely. Respondent-mother acknowledges that her notice of appeal was not timely, and she filed a petition for writ of certiorari seeking discretionary review of the order.
N.C. Gen. Stat. § 7B-1001(a)(1)-(6) lists the six types of orders that are appealable in juvenile abuse, neglect, and dependency proceedings. See N.C. Gen. Stat. § 7B-1001(a)(1)-(6) (2017). In certain circumstances, a respondent-parent has the right to appeal from an order eliminating reunification as a permanent plan for the juvenile. See N.C. Gen. Stat. § 7B-1001(a)(5). However, the 25 September 2017 order only ceased reunification efforts and did not eliminate reunification as a permanent plan. N.C. Gen. Stat. § 7B-1001(a) does not provide for appeal from an order that merely ceases reunification efforts.[3] Therefore, respondent-mother has no statutory right of appeal from the 25 September 2017 order. Because respondent-mother has no statutory right of appeal, we allow DSS's motion to dismiss her appeal from the 25 September 2017 order.
Moreover, since the 25 September 2017 order was not appealable, respondent-mother's notice of appeal was not "untimely," and she is not entitled to certiorari review based on "failure to take timely action[.]" N.C.R. App. P. 21(a) (2019). Nonetheless, we have reviewed her petition for writ of certiorari and, in our discretion, deny it. See In re J.A.K. , --- N.C. App. ----, ----, 812 S.E.2d 716, 719 (2018).
Next, we address respondent-mother's appeal from the 8 March 2018 amended permanency planning order. DSS filed a separate motion to dismiss respondent-mother's appeal as to the 8 March 2018 order. In its motion, DSS contends, inter alia , that respondent-mother failed to address the order in her brief, and she has thus abandoned any issues related to it. See N.C.R. App. P. 28(b)(6) (2019) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Respondent-mother agrees she has abandoned any issues related to the 8 March 2018 order, and she does not oppose the motion. Accordingly, we grant DSS's motion to dismiss respondent-mother's appeal as to the 8 March 2018 amended permanency planning order.
III. Conclusion
For the reasons stated above, respondent-mother's appeals from the 25 September 2017 review order and the 8 March 2018 amended permanency planning order are hereby dismissed.
DISMISSED.
Report per Rule 30(e).
Judges BRYANT and DIETZ concur.

A pseudonym is used to protect the identity of the juvenile and for ease of reading.

The trial court originally entered the permanency planning order on 17 November 2017.

We note that the former version of N.C. Gen. Stat. § 7B-1001(a)(5) focused on cessation of reunification efforts instead of elimination of reunification efforts as a permanent plan. See N.C. Gen. Stat. § 7B-1001(a)(5) (2013) (providing that an order ceasing reunification efforts under now-repealed N.C. Gen. Stat. § 7B-507(c) was an appealable order).